## Case No. 15,280.

### UNITED STATES v. HALF BARREL, ETC.

[6 Sawy. 63: [1] 25 Int. Rev. Rec. 335; 5 Sawy. 594.]

District Court, D. California. Sept. 26, 1879.

PENAL ACTION—REUSE OF EMPTIED SPIRIT CASKS—STATUTE.

The use, to contain domestic distilled spirits, of casks, etc., in which foreign distilled spirits, wines, etc., have been imported, is prohibited by section 12 of the act of March 1, 1879 [20 Stat. 342], notwithstanding that the stamps required by law have been effaced, obliterated, and destroyed.

[This was a suit for forfeiture of a half barrel containing 23 wine gallons of brandy. For the former decision of Judge Hoffman, of which this is a re-examination, see Case No. 15,931.]

A. P. Van Duser, Asst. U. S. Dist. Atty.

W. W. Morrow, for claimant.

HOFFMAN, District Judge. I have carefully considered the suggestions contained in the ingenious brief filed by the counsel for the claimant in support of his application for a reconsideration of the decision heretofore rendered by this court. The whole question turns upon the construction to be given to the words in section 12, "casks or other packages such as is hereinbefore mentioned, in which distilled spirits, etc., have been imported." Do they refer to the "pipes, hogsheads, tierces, barrels, casks, or other similar packages" mentioned in section 11, or to "the packages of imported liquors stamped as above required," mentioned in the previous clause of section 12? If the latter be the true construction, the use of imported packages from which the stamps, etc., required

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

by law, have been effaced and obliterated, to contain domestic spirits, is not prohibited. But this construction seems forced and unnatural. The preceding clause of section 12, in substance, directs that wherever the contents of any package of imported liquors, stamped as required by law, shall be emptied or drawn off, the stamps, brands, etc., placed thereon, shall be effaced, obliterated, and destroyed at the time of such emptying. Then follows the clause under consideration, "and no cask or other package, such as is hereinbefore mentioned, in which distilled spirits, wines, or malt liquors have been imported, shall be used to contain domestic distilled spirits," etc. It is urged that the words "such as hereinbefore mentioned" could not have been used to indicate pipes, hogsheads, tierces, etc., mentioned in the eleventh section, because they are superfluous and unnecessary, as the whole meaning would be conveyed by the words, "no package in which distilled spirits have been imported." It is therefore argued that we can only give a meaning to the phrase by construing it as referring to "the package of imported liquors stamped as above required." The rule of construction which requires that effect shall be given and a meaning found, if possible, for every word or phrase of a statute, is undoubtedly sound and reasonable, but it does not permit us to reject an obvious and natural construction, merely on the ground that it renders some words or phrases superfluous and redundant. Such expressions almost invariably occur in statutes, and in other legal documents, and the act under consideration affords a conspicuous example of their use. The enumeration of "pipes, hogsheads, tierces, barrels, casks, or other similar packages," in the eleventh section, seems quite unnecessary. The words "any package" would have sufficed. So, too, the requirement, that the stamps shall be "effaced, obliterated, and destroyed," when the contents of the cask are "emptied" or drawn off, and the language in the thirteenth section in reference to packages "made in imitation of, or intended to be in the similitude of," etc., afford instances of pleonasms which would not be admitted in ordinary writing. But even if the argument derived from the use or redundancies had more force, it would in this case be deprived of it, for the construction contended for is obnoxious to the same objection as that urged against the construction which is attacked. If the words "cask or package, such as is hereinbefore mentioned," refer to the "packages of imported liquors stamped as above required," of the preceding clause, then the succeeding phrase, "in which distilled spirits, wines, or malt liquors have been imported," becomes wholly unnecessary and redundant. The construction proposed thus creates as great difficulties as it removes. But if we accept the obvious and natural construction, and treat the words, "such as is hereinbefore mentioned"

(not "described"), as referring to the pipes, hogsheads, tierces, etc., enumerated in the eleventh section, then the words, "in which distilled 'spirits, etc., have been imported." become necessary and appropriate to restrict their application to the class of objects intended, and meaning and effect is attributed to every word of which the sentence is composed.

The counsel for the claimants seeks to restrict the reference of the words "hereinbefore mentioned" to the "package of imported liquors, stamped as required by law," spoken of in the preceding clause. But the object of that clause is to require that the stamps, etc., on such packages shall be effaced and obliterated when the contents are drawn off. If, then, there be any reference to the casks spoken of in this clause, it must be taken to be, not to stamped imported packages, but packages in the condition in which that clause leaves them, viz., with the stamps removed. It can hardly be supposed that congress meant to refer in so nonchalant a manner to casks in respect to which a violation of law amounting to a felony had been committed, and to provide that after this felony had been consummated, and the emptied casks, with the stamps remaining thereon, refilled with domestic spirits, the only penalty incurred should be the forfeiture of the cask and its contents.

It is further urged, that if the phrase in question be not construed to forbid the refilling of casks with the stamps, etc., remaining thereon, the fraudulent reuse of stamps is nowhere specifically forbidden by the act or by section 3324 of the Revised Statutes, which it adopts, and makes applicable to imported spirits. That object, however, is substantially attained by the requirement, under severe penalties, that the stamps shall be effaced, obliterated, and destroyed when the cask is emptied, and by the prohibition against the purchase or sale of any cask "which has once been used to contain imported liquors, with the stamps, marks, and brands required by law remaining thereon." But, even if these provisions were wanting, the construction contended for would not cure the omission. For by that construction the reuse of stamps on casks refilled with domestic spirits, would alone be forbidden. The equal or more serious offence of re-using them on casks refilled with foreign spirits, would be wholly unprovided for. An equally conclusive answer to the argument under consideration is furnished by the fact that the construction contended for would make the provisions of the act incongruous, if not absurd. By section 3324, Rev. St., the failure to efface and obliterate the stamp when the cask is emptied is declared a felony, and made punishable by a fine of not less than five hundred dollars nor more than ten thousand dollars, and by imprisonment for not less than one year nor more than five years. But under the construction contend-

ed for, the refilling of casks with stamps remaining thereon, which of course can only be done where the stamps have not been obliterated and effaced at the time of emptying, is punished merely by a forfeiture of the cask and its contents. The clause in question, if construed as desired, would fail to attain the end supposed to be sought. For no punishment for the reuse of stamped packages would be imposed at all commensurate with the lawmakers' estimate of the gravity of the offense, as indicated in the section of the Revised Statutes which has been cited.

It is further urged that no motive can be assigned for prohibiting the "use to contain domestic spirits" of emptied imported casks with the stamps removed therefrom, inasmuch as the dealer may lawfully use domestic casks made in exact imitation of a foreign package, or a foreign package imported empty, provided that they bear no imitation of the stamps, etc., required by law. The reasons for not prohibiting the use of domestic packages made in imitation of the foreign are obvious. Congress did not think fit to prescribe the forms of packages to be used by distillers, or to restrain them from adopting any form of package which might be most convenient or advantageous. The packages used by some foreign distillers may be similar to our own, or our forms of packages may hereafter be adopted by foreigners. In either case it would be difficult to say which was the imitation. Congress has therefore been content to prohibit the use of imitation packages with imitation stamps and brands thereon. The use to contain domestic spirits of foreign casks imported empty has not been prohibited. This may have been from oversight, or because the course of trade rendered such a prohibition unnecessary. But congress has prohibited, and in my opinion in very unmistakable terms, the use to contain domestic spirits of any package in which distilled spirits have been imported, and, whatever the motive or the policy of the prohibition, the law must be obeyed.

I have thus noticed every important suggestion contained in the brief which has been submitted. The result of my re-examination has been to confirm my belief in the correctness of the opinion heretofore delivered.